Appeal, in each of the above-entitled actions, from a resettled judgment of the Supreme Court in favor of defendants, entered January 9, 1950, in New York County, upon a decision of the court on a trial at Special Term.

Per Curiam.

Plaintiffs, tenants of separate lofts in premises 425 Broadway, New York, N. Y., owned by certain of defendants, appeal from judgments in defendants’ favor dismissing the complaints on the merits after a consolidated trial of three' separate actions at Special Term.
Plaintiffs sued defendants, the owners, and others to set aside as invalid and void arbitration proceedings fixing ,the rent, to rescind the leases and reduce the rents from the amounts stated in the leases to $57.50 a month and enjoin the landlords from collecting more;..and to direct them to account for alleged excess rent collected during the terms of the respective leases. The three tenants remained in possession of the premises until the termination of their respective leases and one is still in possession. The court dismissed the complaints basically on the ground that the premises were unoccupied on the freeze date within the meaning of the emergency rent control laws and that no emergency rent was established on any basis including comparable rentals.
The court, however, improperly excluded evidence of comparability and there was colloquy indicating that if the arbitrations were declared invalid (as they later were) subsequent proof could be. adduced on other issues including comparability as a rental basis. Defendant's, however, rested at the close of plaintiffs’ evidence and adduced no testimony whatever on their own behalf including inter alia no evidence of the nature and extent of the sendees defendants furnished these tenants in the premises after the lofts were let to them in 1946 and during the terms of their leases; and no further opportunity was given for additional proof on the issue of comparability of space. We find this record in *851 adequate properly and fairly to determine the basic issues of occupation, comparability and the emergency rent if any.
The judgments in defendants’ favor should be reversed, with costs to plaintiffs-appellants to abide the event, and a-retrial ordered de novo on all issues including the so-called arbitration proceedings in connection with which section 1463 of the Civil Practice Act may be considered. (See, also, Matter of Heidelberger [Cooper], 300 N. Y. 502, revg. 275 App. Div. 158, and Feinberg v. Barry Equity Corp., 277 App. Div. 762.)
Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.
Judgments in defendants’ favor unanimously reversed, with costs to plaintiffs-appellants to abide the event, and a retrial ordered de novo on all issues including the so-called arbitration proceedings in connection with which section 1463 of the Civil Practice Act may be considered. (See, also, Matter of Heidelberger [Cooper], 300 N. Y. 502, revg. 275 App. Div. 158, and Femberg v. Barry Equity Corp., 277 App. Div. 762.) Settle order on notice.